

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00084-CR

Samuel Ruiz **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 1983CR0095
Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
           H. Todd McCray, Justice
           Velia J. Meza, Justice

Delivered and Filed: June 4, 2024

DISMISSED FOR WANT OF JURISDICTION

Appellant, Samuel Ruiz Gonzales, attempts to appeal his October 24, 1986, conviction for the offense of burglary of a building. Because the trial court imposed the sentence against Gonzales on October 24, 1986, a notice of appeal or a motion for new trial was due to be filed on November 24, 1986. *See* TEX. R. APP. P. 4.1(a), 21.4(a), 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on December 9, 1986. *See* TEX. R. APP. P. 26.3. Gonzales, however, did not file a notice of appeal until February 4, 2025—nearly 40 years late.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest a court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Without a timely filed notice of appeal, an appellate court lacks jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton*, 981 S.W.2d at 210.

Here, Gonzales's notice of appeal was filed nearly forty years after the deadline for filing his notice of appeal. As a result, on March 11, 2025, we ordered Gonzales to show cause why this appeal should not be dismissed for want of jurisdiction. Gonzales did not file a response.

Because the notice of appeal was untimely, Gonzales failed to invoke our jurisdiction in this case, and we lack jurisdiction to take any action other than dismiss this appeal. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522–26. Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

PER CURIAM

DO NOT PUBLISH